# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-0813V
Filed: September 28, 2018
UNPUBLISHED

| | |
|---|---|
| J.R. by his parents, MAUREEN REVAITIS and CHRIS REVAITIS,<br><br>                    Petitioners,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU); Attorneys' Fees and Costs |

*Lawrence R. Cohan*, Anapol Weiss, Philadelphia, PA, for petitioners.
*Debra A. Filteau Begley*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

      On July 8, 2016, petitioners filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioners allege that their minor child, J.R., suffered Guillain-Barré Syndrome ("GBS") caused-in-fact by the influenza vaccine he received on August 16, 2013. Petition at 1. On February 1, 2018, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 35).

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 7, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 41). Petitioner requests attorneys' fees in the amount of $30,109.00 and attorneys' costs in the amount of $8,679.09. *Id.* at 3. In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. *Id.* Thus, the total amount requested is $38,788.09.

On June 21, 2018, respondent filed a response to petitioner's motion. (ECF No. 42). Respondent has contested one aspect of the requested costs – those associated with the establishment of a special needs trust. *Id.* at 1. Respondent argues that the trust was not incurred on a Vaccine Act petition.[3] (ECF No. 42 at 3). The stipulation did not request an establishment of a special needs trust. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.*

Petitioner's reply was due by June 28, 2018. On September 12, 2018 petitioner filed their reply. (ECF No. 43). As the reply was filed untimely, the undersigned shall not address the argument within the reply.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the overall request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates, with the exception of the requested attorney costs in regards to the special needs trust.

Other special masters have declined to award costs associated with the establishment of a special needs trust for an award made under the Vaccine Act. In *Torres*, the special master noted that, although creation of a special needs trust would enable petitioner to retain Medicaid benefits, this issue was not encompassed under the Vaccine Act. *Torres v. Sec'y of Health & Human Servs.*, No. 09-867V, 2013 WL 2256136, at *3 (Fed. Cl. Spec. Mstr. Apr. 30, 2013). In that case, neither the damages stipulation nor the Vaccine Act contemplated the need for a special needs trust. Therefore, the special master found that costs associated with the creation of the trust were not incurred in any proceeding on the petition. *Id.*

A special master reached a similar decision in *Alvarado v. Sec'y of Health & Human Servs.*, No. 15-02V, 2017 WL 4053419, at *3 (Fed. Cl. Spec. Mstr. Aug. 7, 2017). In *Alvarado*, the special master noted that "[w]hile the special needs trust was helpful in addressing petitioner's concerns and facilitating settlement, the trust was not an integral part of the proceeding in the Vaccine Program, and was not required in order for petitioner to receive compensation." *Id.,* at *3. Accordingly, the special master concluded the creation of that trust was essentially a post-proceeding cost which was not authorized under the Act. *Id.*

---

[3] In the Vaccine Act, the compensation for attorney's fees and costs is in regards to amounts that have been "incurred in any proceeding." § 15(e).

The undersigned finds the rationale of the special masters in *Torres* and *Alvarado* persuasive, and will not reach a contrary conclusion in the instant case. Neither the Vaccine Act, the damages stipulation or the undersigned's decision on contemplates the creation of a special needs trust. Accordingly, costs associated with the creation of the trust must be disallowed.

Petitioner retained the services of Ms. Laura Ergood, Esq., to perform work in establishing both the guardianship and the trust. (ECF No. 41 at 3). In total, petitioner seeks $5,445.34 in compensation for services provided by Ms. Ergood. *Id.* at 30-39. Respondent has warranted that he does not object to costs associated with establishment of the guardianship, but notes that Ms. Ergood performed work for establishing both the guardianship and the special needs trust. Respondent finds it is difficult, if not impossible, to determine exactly how much time Ms. Ergood spent on one task verses the other. (ECF No. 42 at 3).

Such an exact determination, however, is not required in awarding attorney's fees and costs. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V , 2015 WL 5634323, at *23 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) ("[W]hen awarding attorneys' fees, special masters may use estimates to achieve 'rough justice.'") (citing *Fox v. Vice*, 131 S.Ct. 2205, 2216 (2011)). A detailed review of the billing records provided by Ms. Ergood shows a total of 9.25 hours for a total of $2,752.45[4] in services performed and $1.61 in costs associated with the trust. Therefore, the total request for attorney's costs will be **reduced by $2,754.06**, the amount of time and expenses associated with establishing the trust.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $36,034.03[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Lawrence R. Cohan.**

---

[4] This amount consists of 8.46 hours at a rate of $295 per hour and 0.79 hours at a rate of $325 per hour.

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.